FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 13, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PENSKE TRUCK LEASING CO., LP,<br><br>      Plaintiff,<br><br>  v.<br><br>BERKLEY REGIONAL INSURANCE COMPANY; NAVIGATORS SPECIALTY INSURANCE COMPANY; and SPEEDY DELIVERY LLC,<br><br>      Defendants. | NO. 4:24-CV-5152-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

BEFORE THE COURT is Plaintiff's Motion to Remand (ECF No. 18). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion to Remand (ECF No. 18) is GRANTED.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 1

## BACKGROUND

This matter was originally filed in Benton County Superior Court on October 23, 2024. ECF No. 1 at 1. The Complaint initially named all Defendants currently before the Court, including Speedy Delivery. *Id.* at 2. The action was removed by Defendant Berkley Regional Insurance Company ("BRIC") on November 15, 2024, on the basis of this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). ECF No. 1-1. The notice of removal states that all Defendants who have been properly joined and served consented to the removal of the lawsuit, and that Defendant Speedy Delivery had not been properly served. ECF No. 1 at 5. In discussing the procedural background of this case, Defendant BRIC also cites to technical problems in the state court docketing system that presented challenges in gaining access to documents filed by other parties while the matter was pending. ECF No. 31 at 2–3, ¶¶ 3–6. Plaintiff now seeks remand on the basis of 28 U.S.C. §§ 1441(b)(2) and 1447(c), arguing that Defendant Speedy Delivery is both a forum defendant and did not consent to removal. ECF No. 18 at 1–2.

## DISCUSSION

Under Article III, "[t]he judicial Power shall extend" to "[c]ontroversies ... between citizens of different States." U.S. CONST. ART. III, § 2. Drawing from that authorization and beginning with the Judiciary Act of 1789, Congress has

continuously permitted federal district courts "to exercise jurisdiction based on the diverse citizenship of parties." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Under the current federal statute governing diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). A corporation is a citizen of the state in which it is incorporated, and the state in which it has its principal place of business. 28 U.S.C. § 1332(c). In contrast, limited liability entities are citizens of every state in which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Plaintiff, a limited liability partnership, is a citizen of Pennsylvania, Delaware, Michigan, and Japan, as attributed to the "upstream" corporations in the ownership chain. ECF No. 1 at 4; *see Burgess v. Buddy's Nw.*, LLC, C15-5785 BHS, 2016 WL 6650999, at *1 (W.D. Wash. Nov. 10, 2016) (internal citations omitted) ("When the members of limited liability companies are themselves limited liability companies or partnerships, 'courts have adopted a complete upstream analysis of LLC's organizational structure.'"). Defendant BRIC is an entity both incorporated and with a principal place of business in Iowa. ECF No. 1 at 3. Defendant Navigators is purportedly a citizen of New York and Connecticut.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 3

1  *Id*. And Defendant Speedy Delivery, also a limited liability company, is a citizen
2  of Washington. *Id*.

3  A diversity action commenced in state court may be removed "to the district
4  court of the United States for the district and division embracing the place where
5  such action is pending." 28 U.S.C. § 1441(a). Some exceptions, however, apply.
6  Under the "resident defendant rule," any removable action under § 1332(a) "may
7  not be removed if any of the parties in interest properly joined and served as
8  defendants is a citizen of the State in which such action is brought." § 1441(b)(2).
9  Further, "all defendants who have been properly joined and served must join in or
10 consent to the removal of the action." § 1446(2)(A). Federal courts strictly
11 construe the removal statute and must reject jurisdiction if there is any doubt as to
12 the right of removal in the first instance. *Gaus v. Miles, Inc*., 980 F.2d 564, 566
13 (9th Cir. 1992). The removing defendant faces a "strong presumption" against
14 removal and bears the burden of establishing, by a preponderance of the evidence,
15 that removal was proper. *Id*. (internal citation omitted).

16 Defendant BRIC argues that Defendant Speedy Delivery, as a limited
17 liability company, was not served in accordance with Washington law, and
18 therefore service is not proper for the purposes of §1442(b)(2) or § 1446(2)(A).
19 ECF No. 30 at 13–15. State law requires that service on entities of limited liability
20 be made on the registered agent of the company, or if the registered agent cannot

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 4

be served, then by certified mail or a similar commercial delivery service, addressed to the entity's principal office. RCW 23.95.450(1), (2). "If process, notice, or demand cannot be served on an entity pursuant to subsection (1) or (2) of this section, service may be made by handing a copy to the individual in charge of any regular place of business or activity of the entity if the individual served is not a plaintiff in the action." RCW 23.95.450(3). If the summons is served on a company via personal service, Washington permits that it be delivered to, "the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." RCW 4.28.080(9). In support of the contention that service was not proper, Defendant BRIC offers that Matt Deter, Defendant Speedy Delivery's registered agent and president, does not match the physical description of the individual the process server left the relevant documents with. ECF No. 30 at 3. In the effort to effectuate service, the employee, who would not further identify himself, is described as a "gray-haired white male . . . 55-65 years of age, 5'8"-5'10" and weighing 160-180 lbs." *Id*. Deter, who appears in an undated photo on Defendant's website, is 47 years old and does not appear to have white hair at the time the photo was taken. *Id*. at 5.

   Speedy Delivery, the resident defendant, does not dispute that it was served

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 5

on October 25, 2024, stating that it accepted the summons and complaint. ECF No. 20. Though Defendant BRIC maintains it did not receive notice of appearance by an attorney of record for the entity until November 27, 2024, the document provided on the record depicts a timestamp of November 12, 2024. ECF Nos. 31 at 5, ¶¶ 10–11 and ECF No. 19-1 at 10. Moreover, even if Defendant BRIC was unable to access the notice of appearance for Defendant Speedy Delivery until after it had removed the case, it acknowledge that it was aware of proof of service at the time it sought removal. ECF No. 31 at 3–4, ¶ 6. With just the snippet of information provided from the process server, and in considering that Defendant Speedy Delivery does not contest the adequacy of service on its own behalf and appeared before removal, the Court must resolve this factual dispute regarding the identity of the person who accepted process in favor of remand. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court."); *see also Satcher v. Stanislaus*, C19-1598 RSM, 2020 WL 885768, at *3 (W.D. Wash. Feb. 24, 2020) ("Similarly, Defendant's speculation that Stanislaus may herself contend that service was improper has some initial appeal . . . But it is entirely unclear to the Court why this is Defendant's argument to make. Stanislaus clearly does not want to appear before the Court to represent her own interest."). Neither party provides any additional information on the man's identity, and thus he could be Deter or another

individual who falls under RCW 4.38.080(9).  Pursuant to 28 U.S.C. § 1441(b)(2), Defendant Speedy Delivery's existence in the lawsuit made removal on November 15, 2024, improper, and thus the Court remands this matter to Benton County Superior Court.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand (ECF No. 18) is **GRANTED**.
2. Pursuant to 28 §§ 1441(b)(2) and 1447(c), the matter is **REMANDED** to the Benton County Superior Court, State of Washington, for all further proceedings (former Benton County Case No. 24-2-02395-03).

The District Court Executive is directed to enter this Order, furnish copies to counsel, and <u>mail a certified copy to the Clerk of the Benton County Superior Court</u>.  The deadlines and hearings are **VACATED,** the file is **CLOSED.**

DATED February 13, 2025.

*[signature: Thomas O. Rice]*

THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 7